UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:20-cv-00857 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Docs. 27, 30] |
| v. | : | |
| | : | |
| BRENDAN D. BENNETT | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Brendan Bennett makes pro se motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Bennett currently serves a forty-six month sentence at Elkton FCI.[1] In January 2021, Bennett pled guilty to three counts of possession with intent to distribute a controlled substance, two counts of distribution of a controlled substance, one count of attempted possession with intent to distribute, and one count of possession of a firearm in furtherance of a drug trafficking offense.[2] Bennett's charges relate to his 2017 drug distribution activity.[3]

Bennett filed his first compassionate release motion on June 1, 2023.[4] In that motion, Bennett argues that his family's circumstances, particularly his mother's poor health, are extraordinary and compelling circumstances warranting compassionate release.[5]

---

[1] Doc. 18, PageID #: 144.
[2] Doc. 7, PageID #: 22-23.
[3] Doc. 14, Page ID #: 72-73.
[4] Doc. 27.
[5] *Id.*, PageID #: 183-85.

Case No. 5:20-cv-00857
GWIN, J.

The government replied four days later.[6] It said that because Bennett's family's medical conditions were known at the time of sentencing, they cannot be extraordinary and compelling circumstances warranting relief.[7]

On June 23, 2023, Bennet replied.[8]

On November 9, 2023, Bennett filed an additional motion to reduce his sentence under new Sentencing Guidelines amendments.[9] On December 26, 2023, Bennett filed a supplement to his November 9, 2023 motion.[10] Each of these supplements provided updates of his mother's deteriorating health.

The Court then asked the government to file notice of whether it intended to supplement its initial reply to Bennett's June 1, 2023 motion.[11] The government filed a supplement that largely reiterated its arguments in its initial reply.[12]

For the following reasons, the Court **GRANTS** Defendant Bennett's compassionate release motion.

## I. LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[13] However, under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a defendant's sentence upon a motion from the defendant if the defendant filed the motion

---

[6] Doc. 28.
[7] *Id.*, PageID #: 228.
[8] Doc. 29.
[9] Doc. 30.
[10] Doc. 32. On January 3, 2024, Bennett's sister, Teale Robinson, filed a letter to the Court in support of Bennett's motions. Doc. 33.
[11] *See* Dkt., Jan. 1, 2024.
[12] *See* Doc. 34.
[13] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).

Case No. 5:20-cv-00857
GWIN, J.

thirty or more days after the defendant sent a compassionate release request to their warden.[14]

If a defendant's compassionate releasee motion meets this exhaustion requirement, the court then considers three factors in deciding whether to grant the compassionate release motion. First, the court must decide "whether extraordinary and compelling reasons warrant a sentence reduction."[15] Second, the court must ensure that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[16] Finally, the court must consider all relevant 18 U.S.C. § 3553(a) factors.[17]

## II. DISCUSSION

### A. Exhaustion

Bennett satisfies 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. On August 12, 2022, Bennett requested compassionate release from the warden, which the warden denied.[18] Over thirty days after his initial compassionate release request, on June 1, 2023, Bennett filed the present motion.[19]

### B. Extraordinary and Compelling Circumstances

A new United States Sentencing Commission policy statement now applies to 18 U.S.C. § 3582(c)(1)(A) motions brought by inmates after November 1, 2023.[20] This policy statement, Sentencing Guidelines § 1B1.13(b)(1), provides a non-exhaustive list of various

---

[14] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[15] *United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (quotation marks omitted).
[16] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).
[17] *Id.*
[18] Doc. 27-1, PageID #:196-99.
[19] Doc. 27, PageID #: 181.
[20] *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023). Previously, the Sentencing Commission's policy statement only applied to motions brought by the BOP. *See, e.g., Elias*, 984 F.3d at 518. Although Bennett's initial motion was filed prior to November 1, 2023, his supplement, filed after November 1, 2023, ask the Court to account for the Sentencing Guideline Changes. Doc. 30, PageID #: 236.

Case No. 5:20-cv-00857
GWIN, J.

circumstances that either alone or in combination qualify as extraordinary and compelling reasons that can justify a sentence reduction.[21]

In relevant part, Sentencing Guidelines § 1B1.13(b)(3)(C) now provides that extraordinary and compelling reasons exist when the defendant's parent is incapacitated, and the defendant is the only available caregiver for their parent.[22]

Defendant Bennett has shown that his mother, Linda Bennett, is incapacitated, and that he is Linda's only available caregiver.

### 1. Parent's Incapacitation

The Court finds that Linda Bennett's medical conditions are incapacitating for the purposes of § 1B1.13(b)(3)(C).

Linda Bennett is in her early seventies and has been diagnosed with recurring non-Hodgkin's lymphoma.[23] Linda also contracted COVID-19 in late 2022, when cancer treatments suppressed her immune system.[24] As a result of her long-COVID symptoms, Linda has difficulty breathing, dizziness, and severe, chronic fatigue. She also suffers from days-long migraines.[25]

The government correctly notes that facts that exist when a defendant was sentenced cannot later be construed as extraordinary and compelling justifications for that defendant's sentence reduction.[26] Bennett has provided ample evidence of new facts concerning his mother's health that did not exist at his November 2021 sentencing.

---

[21] *Id.* § 1B1.13(b).
[22] *Id.* § 1B1.13(b)(3)(C).
[23] Doc. 27, PageID #: 184.
[24] *Id.*
[25] Doc. 30-1, PageID #: 243.
[26] Doc. 32-4, PageID #: 269.
[26] *United States v. Lemons*, 15 F4th 747, 750 (6th Cir. 2021).

- 4 -

Case No. 5:20-cv-00857
GWIN, J.

As of December 2023, Linda's conditions have deteriorated. In fall 2023, Linda went to the emergency room twice for pulmonary embolisms and other lung issues.[27] Linda is currently in the hospital again.[28]

Most concerningly, Linda cannot eat, move, or take care of herself on her own due to her medical conditions.[29] In November 2023, Linda attempted to bathe herself, but could not get up from the shower floor by herself for over five hours.[30] Now, Linda is essentially confined to her couch, as she cannot walk or go up the stairs to her bed without falling.[31]

### 2. Caregiver Availability

"[C]ourts generally require a showing of evidence from several sources indicating that the defendant is the only available caregiver for a family member in dire conditions before concluding that an extraordinary and compelling reason has been established."[32]

Bennett shows multiple sources supporting his claim that he is the only available caregiver for his mother. Linda's home nurse program provides care only once a week.[33]

Bennett's father, Stephen Bennett, suffers from dementia and alcohol-abuse issues, rendering him inadequate to care for Linda.[34] Defendant Bennett, Linda Bennett, and Bennett's sister Teale Robinson say that Linda's husband Stephen has a demonstrated inability to help Linda with basic tasks and daily household management.[35] Stephen could not assist Linda in an emergency.

---

[27] Doc. 32-1, PageID #; 259, 268.
[28] Doc. 33, PageID #: 272.
[29] Doc. 32-1, PageID #: 259, 268; Doc. 33, PageID #: 272.
[30] Doc. 32-1, PageID #: 269.
[31] Doc. 30-1, PageID #: 243; Doc. 33, PageID #: 272.
[32] *United States v. Lindsey*, No. 13 Cr. 271 (LTS), 2021 WL 37688, at *3 (S.D.N.Y. Jan. 4, 2021) (internal quotation marks omitted).
[33] Doc. 32-2, PageID #: 263.
[34] Doc. 30-1, PageID #: 243.
[35] Doc. 27-1, PageID #: 185, 207; Doc. 29, PageID #: 232.

Case No. 5:20-cv-00857
GWIN, J.

Bennett's sister Teale suffers from debilitating and extreme mental health issues that make her unable to care for her parents.[36] As of January 2024, these conditions are not under control.[37] Daughter Teale could also not stay at Linda Bennett's home as Linda Bennett's home is not suitable for Teale's young son. Bennett's sister cound not provide around-the-clock care.[38]

Defendant Bennett has other siblings: a brother who lives in Florida, and a brother and sister who live in Youngstown, an hour away from parents Linda and Stephen Bennett's home. The Florida brother cannot provide care due to his location. And, the Youngstown-based brother and sister are in poor health themselves and are unable to make the daily drive to care for their parents.[39]

The Court finds that Defendant Bennett is the only available caregiver for Linda Bennett's daily medical needs.[40]

### C. 18 U.S.C. § 3553(a) Sentencing Factors

The 18 U.S.C. § 3553(a) factors weigh in favor of Defendant Bennett's release. Specifically, Defendant Bennett's personal history and characteristics support early release. Bennett is a first-time offender and was twenty-two years old at the time of the underlying conduct. After he was apprehended, Bennett immediately cooperated fully with law enforcement. The government did not object to Bennett remaining on bond for almost three years before sentencing.[41]

---

[36] Doc. 27-1, PageID #: 222.
[37] Doc. 33, PageID #: 273.
[38] Doc. 33, PageID #: 273.
[39] Doc. 27, PageID #: 186.
[40] The Court also notes that members of Bennett's community substantiated his role as primary caregiver for his parents in their letters in support of his sentencing motion. *See* Doc. 16-2, PageID #: 116, 122, 129.
[41] Doc. 27, PageID #: 191.

Case No. 5:20-cv-00857
GWIN, J.

Between his arrest and incarceration, Bennett has worked to improve himself and contribute positively to his community. Bennett sought professional mentors and started a small business while on bond.[42] He also volunteered in hospice care and progressed towards a second college degree.[43]

In prison, Defendant Bennett has been a "model inmate" and a "leader in the [prison] community.[44] Bennett has completed over 800 hours of Bureau of Prisons (BOP) programming, including 500 hours of the residential drug abuse program.[45] The BOP determined that Bennett poses a low risk of recidivism.[46]

While the Court acknowledges the seriousness of Bennett's offense—trafficking a large quantity of drugs while in possession of a firearm—the § 3553(a) factors weigh in favor of Bennett's release.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Bennett's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court reduces Bennett's sentence to time served. All other terms of Bennett's original sentence, including the three years of supervised release following completion of his sentence, remain in effect.

IT IS SO ORDERED.

Dated: January 8, 2024        *s/    James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[42] Doc. 27-1, PageID #: 218.
[43] *Id.*, PageID #: 189-90.
[44] Doc. 27-1, PageID #: 215, 219.
[45] Doc. 30, PageID #: 243.
[46] *Id.*